IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

E.E., *et al.*,                                  :
                                                 :
        **Petitioners,**                         :
                                                 :
v.                                               :        **Case No. 4:26-cv-27-CDL-CHW**
                                                 :             **28 U.S.C. § 2241**
**Warden, STEWART DETENTION**                    :
**CENTER,** *et al.*,                            :
                                                 :
        **Respondents.**                         :
_____

### RECOMMENDATION OF DISMISSAL

Pending before the Court is Petitioner's E.E. amended application for habeas corpus relief (Doc. 10), which Petitioner E.E. purportedly filed on his and two other Petitioners' behalf, seeking release from Stewart Detention Center based upon their health conditions amid concerns of rising influenza infections and other related conditions of confinement complaints. Respondents moved to dismiss the petition (Doc. 12) on the basis that Petitioners' claims were not cognizable in a § 2241 habeas action and that a class action was not permissible in this context. The amended application's caption, however, lists only Petitioner E.E., and he is the only petitioner that executed the amended application despite citing support from the two remaining petitioner detainees. *See* (Doc. 10). Because Petitioner, as a non-lawyer, can only represent himself, the Court construes that the operative amended application as being filed by only one petitioner, E.E. The Clerk of Court is **DIRECTED** to terminate the remaining Petitioners, G.H. and F.S.

The Court's notice to Petitioner E.E. regarding Respondents' motion to dismiss was returned with a notation that E.E. had been transferred. (Doc. 14). In Petitioner E.E.'s companion § 2241 application case, *Evariste v. Warden*, 4:26-cv-23-CDL-AGH ("*Evariste I*"), Respondents provided proof that Petitioner E.E. has been removed from the United States. (*Evariste I*, Doc. 24). No such update was provided in this case, but the Court may take judicial notice of its own records. *See Hooker v. United States* 2023 WL 3317413, *2 (11th Cir. 2023) (citing *United States v. Rey*, 811 F.2d 1453, 1457, n. 5 (11th Cir. 1987). Therefore, due to Petitioner's removal, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 12) be **TERMINATED as moot**, and that Petitioner's application for habeas corpus relief (Doc. 1) be **DISMISSED as moot**. Because the amended petition replaced Petitioners' original filings, it is also **RECOMMENDED** that Petitioners' motion for declaratory judgment (Doc. 2) be **TERMINATED**.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. CONST. art. III, § 2). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* (quotations and citation omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quotations and citations omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody due to his health conditions. Notwithstanding whether the relief sought in the habeas petition was proper,[1] Petitioner E.E. has been removed from the country and, according to Respondents, is no longer in Respondents' custody. Because the Court can no longer give Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336 (citations omitted).

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 12) be **TERMINATED as moot,** and Petitioner's application for habeas corpus relief (Doc. 10) be **DISMISSED as moot** and the previously filed motion for declaratory judgment (Doc. 2) be **TERMINATED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

---

[1] Even if Petitioner had not been removed, Respondents' motion to dismiss would likely have been granted because this Court previously recognized that conditions of confinement claims due to health conditions in custody are not cognizable in a habeas action. *See, e.g., F.L.R. v. Barr* 2021 WL 1234530, *3 (M.D. Ga. Feb. 1, 2021) (rejecting habeas petition raising concerns relating to the COVID-19 pandemic) (Report and Recommendation adopted, *F.L.R. v. Att'y Gen. of the United States*, 2021 WL 1234521 (M.D. Ga. Mar. 31, 2021).

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO DIRECTED and RECOMMENDED**, this 9th day of April, 2026.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge